# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

GE Seaco SrL,

           Plaintiff,

-against-

Meridian Shipping Lines Pvt. Ltd.

           Defendants.

------------------------------------------------X

**SUMMONS IN A CIVIL ACTION**

Case No. 09 Civ. 7674 (RJH)

09 CV 7674

JUDGE HOWELL

**TO**: (name and address of defendants)

Meridian Shipping Lines Pvt. Ltd.
124E/1 Devarpuram Road
628003 Tuticorin, India

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MAHONEY & KEANE, LLP
11 Hanover Square, 10th Floor
New York, NY 10005
(212) 385-1422

an answer to the complaint which is served on you with this summons, within **twenty (20)** days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON            SEP - 3 2009

_____    _____
CLERK                          DATE

_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
GE Seaco SrL,

                Plaintiff,

      -against-

Meridian Shipping Lines Pvt. Ltd.

                Defendants.
-------------------------------------------------X

09 CV 7674

09 Civ. 7674 (RJH)

VERIFIED COMPLAINT



RECEIVED SEP - 3 2009 U.S.D.C. S.D.N.Y. CASHIERS

    PLEASE TAKE NOTICE that Plaintiff, GE SEACO SRL, ("GE SEACO"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendant, Meridian Shipping Lines Pvt. Ltd. ("MERIDIAN"), alleges, upon information and belief, as follows:

    1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333.

    2.    Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country with a place of business located at Chancery House, High Street, Bridgetown, Barbados.

    3.    Defendant MERIDIAN is a business entity organized and existing pursuant to the laws of a foreign country, with a place of business located at 124E/1 Devarpuram Road, 628003 Tuticorin, India.

    4.    Plaintiff, as lessor, and Defendant, as lessee, entered into a series of agreements for the lease of containers for the purpose of oceangoing trade.

    5.    Under the terms of the agreements, Defendant was required to provide rental payments to Plaintiff for the use of the container equipment at times determined by the

agreements.

6. Defendant breached the agreements by, unlawfully and in contravention of the terms of the agreements, failing to provide rental and other payments due under such lease agreements in the amount of $145,740.55, as well as accrued interest thereon.

7. As a result of Defendant's failure to provide such payments, Plaintiff has incurred and will continue to incur damages, costs and expenses for which Defendant is liable under the terms of the lease agreements and at law.

8. In accordance with the terms of the agreements, Plaintiff provided Defendant with a Notice of Default and Termination of the agreement between the parties.

9. Under the terms of the agreements and the Notice of Default and Termination, Defendant was required to return all leased containers upon receipt of Plaintiff's Notice of Default and Termination.

10. Defendant breached the agreements by unlawfully and in contravention of the terms of the agreements, failing to return Plaintiff's containers.

11. As a result of Defendant's failure to return Plaintiff's containers, Plaintiff has incurred and will continue to incur damages, costs and expenses for which Defendant is liable under the terms of the lease agreements and at law.

12. Under the terms of the agreements, Defendant was required to provide Plaintiff with the depreciated replacement value of any containers that were not returned to Plaintiff.

13. Presently, the depreciated replacement value of all containers that have not been returned to Plaintiff is $299,444.00, which is due and owing to Plaintiff.

14. Defendant breached the agreements by unlawfully and in contravention of the terms of the agreements, failing to pay the depreciated replacement value for any containers

that were not returned to Plaintiff.

15. As a result of Defendant's failure to pay for the containers' depreciated replacement value, Plaintiff has incurred and will continue to incur damages, costs and expenses for which Defendant is liable under the terms of the lease agreements and at law.

16. Plaintiff is about to commence proceedings in the High Court of England and Wales seeking to recover under the referenced claims.

17. Under English law, attorneys' fees, interest, and costs are routinely awarded to the prevailing party.

18. As a result of Defendants' breach of the agreements, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts:

Principal Claims

| | |
|---|---|
| Lease payments | $145,740.55 |
| Container replacement value | $ 299,444.00 |
| Subtotal | $445,184.55 |
| Attorneys' fees and costs | $100,000.00 |
| Interest compounded yearly for 3 yrs at 6.5% | $92,575.96 |
| Total | $637,760.51 |

19. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

20. All conditions precedent required of Plaintiff in the aforesaid agreements have been performed.

21. Defendants cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within

this District, but, upon information and belief, Defendants have or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Barclays' Bank, Bank of China, BNP Paribas, Societe Generale Bank, Credit Suisse and/or UBS, which are believed to be due and owing to Plaintiff.

22. For the purpose of obtaining personal jurisdiction over Defendants and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendants, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

    A. That process in due form of law issue against Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

    B. That, since Defendants cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty, restraining and attaching all

12/3918

tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Barclays' Bank, Bank of China, BNP Paribas, Societe Generale Bank, Credit Suisse, UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of $637,760.51 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

    C. That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

    D. That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated:  New York, New York
     September 2, 2009

            Respectfully submitted,
            MAHONEY & KEANE, LLP
            Attorneys for Plaintiff
            GE SEACO SRL

      By: _____
            Edward A. Keane
            11 Hanover Square, Tenth Floor
            New York, New York 10005
            (212) 385-1422

## ATTORNEY VERIFICATION

STATE OF NEW YORK    :
                     : SS.:
COUNTY OF NEW YORK   :

1. My name is Edward A. Keane.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for Plaintiff, GE SEACO SRL, and I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated:   New York, New York
         September 2, 2009

_____
Edward A. Keane

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 2nd DAY OF Sept., 2009
BY Edward A. Keane
_____
NOTARY PUBLIC

JOSE RODRIGUEZ
No. ...06128023
State of New York
Qualified in New York County
Term Expires ... 2013

12/3918                                                    6